The State v. Gaston.

---

### THE STATE v. GASTON.

1. **Justices of the Peace :** ELECTION : NUMBER : VALIDITY. In order to make valid the election of one or two additional justices of the peace in a township, under section 592 of the Code, the trustees must not only so direct, and post up notices accordingly, but such direction must be made a matter of record in the proceedings of the trustees (Code, section 395); and where · such notices were posted, but no recorded direction was made, and four justices were voted for, only the two who received the highest number of votes were lawfully elected,

2. **Quo Warranto :** APPEAL : TRIAL. A proceeding by *quo warranto* is not triable anew in this court; and the finding of fact by the trial court will not be set aside where there is some evidence to support it.

*Appeal from Polk District Court.*—HON. O. B. AYRES, Judge.

FILED, FEBRUARY 8, 1890.

QUO WARRANTO to determine the right of defendant to fill the office of justice of the peace. The cause was tried without a jury, and judgment was rendered for the state, ousting defendant from the office. He now appeals.

*Baker & Haskins*, for appellant.

*C. P. Holmes* and *J. K. Macomber*, County Attorney, for the State.

BECK, J.—I. The facts upon which rests the decision of the questions involved in the case are these: Prior to 1886, Valley township, Polk county, was authorized to elect two justices of the peace. At the election in that year four justices were elected and qualified. Defendant was one of the number. Notices of the election of that number of justices were posted as required by law. At the election of 1888 four justices were again voted for, defendant being one of the number, all of whom received a majority of all the votes cast, but defendant's vote was not equal in number to the separate votes of the others. The two having the highest number of votes qualified as prescribed by law, but defendant and the other person having a less number of votes were not permitted to qualify. The defendant, however, claims that he has the right to fill the office until his successor is elected and qualified, and that he is entitled to hold the office if not qualified, as no successor has been qualified. The state maintains that defendant cannot lawfully hold the office, for the reason that the election of more than two justices of the peace in the township is unauthorized by law.

II. This position of the state is supported by the following provisions of the statutes and the facts we shall state. Code, section 590, provides for the election of two justices in each township. Section 592 is in the following language: "One or two additional justices of the peace, and one or two additional constables, may be

1. JUSTICES of the peace: election: number : validity.

The State v. Gaston.

elected in each township, if the trustees so direct by posting up notices of the same, in three of the most public places in the township, at least ten days before election." Under this section, to authorize the election of more than two justices, direction therefor must be given by notices posted as prescribed by the statute. But it plainly appears that, as an accurate record of the proceedings and orders of the trustees must be kept, the law requires the direction in question to be entered therein. See Code, sec. 395. Considerations of public policy and presumptions as to the intention of the legislature which, under the circumstances, we are required to entertain, clearly direct to this conclusion. Could the number of justices of the peace—officers of so much importance, in view of their functions and powers—be increased without recorded action of the trustees, uncertainty and abuses would arise therefrom. It is to be presumed that the legislature intended nothing of the kind, but rather that record of the increase of the number be kept. But it is admitted that there is no record of any direction or order of the trustees for an increase of the number of the justices of the peace. We are therefore required to hold, in harmony with the view we have announced, that no more than two justices may be elected in the township.

III. The court below could well have found upon the evidence that no verbal direction was in fact ever made by the trustees for the election of four justices. Such a finding has support in the evidence, and we cannot disturb it in this proceeding, which is an action at law, and is not triable here *de novo*. Code, sec. 3345. It will be remembered that the burden rested on defendant to show that the trustees did direct the election of four justices of the peace. The court was authorized to find that defendant failed to establish either verbal or recorded direction on the subject. It follows that, as the defendant failed to establish his right to the office under his prior or later election, the district court rightly entered judgment ousting him therefrom.        AFFIRMED.

2. QUO WAR-
RANTO: ap-
peal: trial.